Ward *vs.* Cohen.

HEARD NOV. TERM, 1871. ·

## WARD *vs.* COHEN.

The Sheriff, under an execution against W, levied upon a lot in the village of Kings-tree, on which there was a building on Main street, with two stores in it. His advertisement of sale described the property as "two stores in the village of Kingstree, situated three doors from Academy street, on Main street, levied upon as the property of W, at the suit," &c. At the sale, B was the purchaser, and the Sheriff conveyed to him the lot, with the building thereon, by metes and bounds, and B entered into possession. In an action by W against B, to recover the possession of the lot: *Held,* That the conveyance transferred the title to the whole lot, and not merely to the building and the land on which it stood.

Irregularities of form and procedure do not vitiate a Sheriff's sale under an execution, as between the purchaser and the judgment debtor, and an imperfect description, in the Sheriff's advertisement, of the property to be sold, is an irregularity of that class.

BEFORE GREEN, J., AT WILLIAMSBURG, SEPT. TERM, 1869.

Action of trespass to try title by W. W. Ward, plaintiff, against L. Cohen & Co., defendants. The case, as stated in the brief, is as follows:

The action was trespass to try title to a lot of land in Kingstree, in Williamsburg County. The lot had been sold by the Sheriff of said County, by virtue of executions in his hands, founded on judgments against the said W. W. Ward.

The Sheriff's levy is as follows, to wit: "I have this day levied on one storehouse and lot, situated on the corner of Main and Academy streets, occupied by Heirsch and Levin, and store on Main street, occupied by Louis Cohen & Co., and Weimberg and Strauss, and adjoining lots of James M. Staggers, E. J. Porter, and W. M. Wallace; also one tract of land, with the building thereon, whereon defendant resides, and containing thirty-three acres, more or less, at the suit of J. F. Nesmith and others."

The Sheriff's advertisement is as follows, to wit:

" By virtue of sundry executions to me directed, I will offer for sale at Williamsburg C. H., on the first Monday and the day following, in July next, within the legal hours of sale, to the highest bidder, for cash, the following real property—purchasers to pay for titles:

" One tract of —— acres of land in Williamsburg, adjoining lands of estate of Samuel P. Matthews, S. W. Maurice and others, levied upon as the property of W. W. Ward, at the suit of G. E. Pritchat and others.

" One store in the village of Kingstree, situated at the corner of

Main and Academy streets, levied upon as the property of W. W. Ward, at the suit of G. E. Pritchat and others.

"Two stores in the village of Kingstree, situated three doors from Academy street, on Main street, levied upon as the property of W. W. Ward, at the suit of G. E. Pritchat and others, June 13, 1868."

The sales were made on the 6th day of July, 1868; defendants were purchasers at sixteen hundred dollars; paid their bid and took title from the Sheriff; the money was applied to executions against the said Ward, and left a balance in the Sheriff's office against him.

The deed of the Sheriff recited levy, advertisement, sale to defendants, and their compliance, and conveyed as follows, to wit:

"All that piece, parcel and lot of land, with the building thereon, situated, lying and being in the District of Williamsburg aforesaid, adjoining lots of J. M. Staggers, E. J. Porter, J. A. Wallace and W. W. Ward, being the storehouse occupied by the said Louis Cohen & Co., and Weinberg & Strauss, and one-half of so much of the lot purchased by the said W. W. Ward from John E. Scott, as was, at the time of the said levy, the property of the said W. W. Ward."

The cause was heard without a jury by the Judge, who rendered the following judgment:

This was an action brought by plaintiff to try the titles to a lot of land situated in Kingstree, purchased by defendants at a sale by the Sheriff of said County. It was sold as the property of plaintiff.

The defendants went into possession of one of the stores sold by the Sheriff, as the tenants of the plaintiff, and were his tenants at the time of sale. The plaintiff claimed that the defendants were bound to deliver up the possession of the premises to him, and bring their action against him, although they had purchased his title at Sheriff's sale. I decide against this position. From the moment of the execution of the conveyance by the Sheriff the title to the premises vested in them. They were no longer tenants, but owners; by purchase of the very title under which they entered, and to which they owed allegiance, they were not bound to give possession to the plaintiff.

The next and last position taken by plaintiff was this: The deed of the Sheriff conveys not only the stores advertised by him, but also the whole lot on which they are located.

The plaintiff contends that under the terms of the Sheriff's ad-

vertisement no more could be sold, and, of course, no more could be conveyed than the storehouses and the land upon which they are located. (The two stores were in the same building.)

In my judgment this position is well taken. Under the terms used in his advertisement (and by this his sale must be governed) the Sheriff could sell nothing more than the two stores and the land upon which they stood, and, of course, could convey no more than he could lawfully sell.

Let the plaintiff recover the lot of land in dispute, except so much thereof as is covered by the storehouse of defendants, (purchased at the Sheriff's sale,) and for his damages let him recover the sum of ten dollars.

The defendants moved for a new trial before the Circuit Court, and that motion being overruled, they appealed, stating the error of which they complained as follows:

The error complained of consists in this: That Judge Green ruled that though there was no fraud in the sales, and though the defendants paid their bid of sixteen hundred dollars, and took a deed for land by metes and bounds, from the Sheriff, who sold the same as the property of the plaintiff in·this cause, defendants were only entitled to the storehouse and lot of land on which it stood, because of irregularity in the advertisement.

*Spain*, for appellant:

The levy was valid, and on valid process.—*Murphy* vs. *Reynolds*, 3 Rich., 11; *Dawkins* vs. *Samuel*, 10 Ib., 61; 1 Jarman on Wills, Chap. 17; *Cain* vs. *Maples*, 1 Hill, 304; *Cruickshanks* vs. *Fearn*, 3 McC., 84; *Hopkins* vs. *DeGraffenreid*, 2 Bay, 446; *Manning* vs. *Dove*, 10 Rich., 402.

Ward waived any irregularity in the advertisement, and is estopped by the Sheriff's deed, as well as his own conduct from insisting on it.—*Manning* vs. *Dove*; *Stickney* vs. *Crosswell*, 12 Rich., 273; *Davis* vs. *Murray*, 2 Mill, 143.

Irregularities and omissions in advertisements on the Sheriff's part do not vitiate his sales; advertising is non-essential; it gives no *authority;* it is simply an official duty, for neglect of which the officer only is responsible, not the innocent purchaser.—(See 5 A. A. 1796, 5 St., 283; § 2, A. A. 1797, Ib., 305; *Turner* vs. *McRae*, 1 N. & McC., 11; § 9, A. A. 1791, 7 St., 263; § 58, A. A. 1839, 11 St., 37; *Cain & Maples*, 1 Hill, 302; *Barfield* vs. *Stevens*, Harp.

Eq., 52; *Maddox* vs. *Sullivan*, 2 Rich. Eq., 4; *Manning* vs. *Dove*, 10 Rich., 395; *Stuckey* vs. *Crosswell*, 12 Rich., 273; *Nixon* vs. *Bynum*, 1 Bail., 148; *Giles* vs. *Pratt*, 1 Hill, 239; *Sartor* vs. *McJunkin*, 8 Rich., 451.

*Maurice, Dozier & Porter*, contra.

April 22, 1872. The opinion of the Court was delivered by

WILLARD, A. J. This action was tried before the Circuit Judge, without a jury. The decisions as to questions of law, alone, can be reviewed by this Court. If it appears that the judgment in the action rested upon an error of law, this Court may set aside the judgment and the decision or finding of fact, with the like effect, as if the cause had been heard before a jury or referees.

The decision involves the proposition, that the title of a purchaser of land at a Sheriff's sale, under execution, is invalid, as to any portion of the land sold and conveyed by the Sheriff, which was not comprised within the terms of the advertisement. In the application of this rule to the case, it was held that, when the advertisement described two stores, without the mention of any land, and the sale and conveyance by the Sheriff embraced the whole tract of land on which they stood, that the title of the purchaser was good as to that part of the land only, on which the stores stood, and that, as to the residue of the tract, the judgment debtor was entitled to a recovery against the purchaser in possession. This conclusion is unsupported by reason or authority, and is in conflict with a line of decisions settling the law on this subject.

The Sheriff's deed is not before us, but from the statement of the case, we are to assume that it contains the recitals usual in such cases. The judgment does not rest on the insufficiency of the levy, but wholly upon the terms of the advertisement of sale. We must assume, as the case stands before us, that the Sheriff's deed is, on its face, evidence of the title of the purchaser, embracing the whole tract of land, and that no defect in the proceedings appears from it.

It must also be assumed, that the purchaser's bid was made in reference to the whole tract sold and conveyed by the Sheriff, and that the price paid by him was intended by him, and received by the Sheriff, as the consideration for the conveyance to him of the whole tract. It must also be assumed, that the judgment debtor who is seeking to recover the land from the purchaser, has received

benefit from the application of the consideration to the payment of the judgment under which the land was sold.

It must be borne in mind that the plaintiff does not seek a rescission of the sale upon a tender of the amount paid, but to retain the consideration paid by purchaser, and to regain possession of part of the thing purchased.

It is well settled that when lands, bound by a judgment of a Court of general jurisdiction, are levied upon under an execution issued under such judgment as the property of the judgment debtor, and are sold and conveyed by a Sheriff's deed, in due form, the title of the purchaser to such lands is good as against all persons who were parties to such judgment, or whose rights are derived thereunder, notwithstanding irregularities may have been committed by the Sheriff, or parties to the judgment, in the proceedings under such execution, when the purchaser is free from fault.

It is also settled that the fact that the Sheriff has not acted in strict conformity to the provisions of the law requiring the advertisement of lands intended to be sold upon execution, is not sufficient to invalidate the title of the purchaser at such sale.

The proceedings of the Sheriff, under an execution, are part of the proceedings in the cause.—*Bank of Georgetown* vs. *Gray*, 5 Peters, 113. They are subject to the rule that mere irregularities in matters of form and procedure, committed in the course of an action in a Court of general jurisdiction, must be corrected in such action, and in due time, and advantage cannot be taken of them in any other action or proceeding where they are involved incidentally or collaterally. The power exercised by the Sheriff in the execution of the judgment of a Court, is in its nature judicial, though exercised in the hands of a ministerial officer, and where such Court possessed general jurisdiction, it is not defeated by mere irregularities of form and procedure, but such irregularities must be corrected in the course of such proceeding, or they will not avail. Although the duties of the Sheriff, under an execution, are in some respects fixed by the Statute, as in the case of the time and place of sale, and the advertisement of such sale, yet it is not to be presumed that the Statute intended to change the force and effect of acts done in the course of a judicial proceeding, as affected by the rule just stated. Such Statutes would primarily be regarded as fixing the duties of the ministerial officer, and affording a personal remedy in the case of their non-performance, and not as invalidating completed judicial proceedings, on the ground of irregularities of form

and procedure. This view will be found in harmony with decisions.

Three things are essential to the title of the purchaser under a Sheriff's sale in execution—a judgment, an execution, and an official act of the Sheriff, in conformity with the execution. Under the judgment, the lands of the judgment debtor are bound for its satisfaction. Under the execution the Sheriff derives authority to levy, sell and convey to the purchaser. A levy, sale and conveyance, in due form of law, complete the title of the purchaser, as against the judgment debtor.

It was held in *Sims* vs. *Randall*, 2 Bay, 324, that the authority of the Sheriff is limited, in point of time, by the return day of the execution. As this case is reported in Bay, it would appear to have held that a sale of lands, made after the return day of the execution, was invalid, without regard to whether a levy had been made prior or subsequent to the return day, although the rule was held to be otherwise in the case of a seizure and sale of goods, which might be sold after the return day, if seized before that day.

The case last referred to was explained and limited by the decision in *Toomer* vs. *Pinckney*, 1 Mill, 323, where it was held that if the levy was made before the return day, the sale might take place after that day.

Although under the authority of *Randall* vs. *Sims*, as explained and settled, a levy made after the return day is void, still the rule in regard to irregularities in form and procedure, above stated, remains unimpaired. The question, when the Sheriff levies after the return day, is one of his authority to act at all, and not of an irregularity committed in a course of proceeding under the authority derived to him through the execution. Having failed to exercise that authority in due time, it has passed from him, under the limitation in point of time, to which it was originally subject.

The effect of irregularities in the advertisement, as affecting the purchaser, appears to have been first fully considered in *Turner* vs. *McCrae*, 1 N. & McC., 11, where, although the dissenting minority embraced the names of Judges Nott and Grant, still a strong majority united in the views expressed by Judge Colcock. His language is as follows: " The Act imposed it as a duty on the Sheriff to advertise all his sales in the public gazette, (2 Faust, 142; 2 Brev. Dig., 222); but his failing to do so could not invalidate the sales. If any damage resulted to the defendant from his failing to comply with the requisites of the Act, the defendant would be enti-

tled to his action for the recovery of damages, but it certainly was never intended to impose it, as a duty, on a purchaser, to see that this duty was performed by the Sheriff. As well might it be said, that the purchaser should inquire into all the other duties enjoined on the Sheriff before he proceeds to sell. I cannot conceive that the title óf a fair purchaser should be made to depend on such perishable testimony. If it were unnecessary for him to have proven a compliance with the requisites of the act in this suit, it would be equally so in any suit which he might be compelled to bring fifty years hence. Public convenince and policy forbid such a construction of the Act." Although the reasonings in support of such conclusion are drawn from considerations of convenience, yet, the conclusion will be found to rest on sound principles. It recognizes the fact, that a ministerial officer, entrusted with the exercise of authority appertaining to the judicial power, may have duties cast upon him incidental to the exercise of such authority, yet that such incidental duties are not necessarily a limitation of the powers themselves, so that the validity of their exercise is dependent on the due peŗformance of such incidental duties. The support of the title of the purchaser, in that case, was in effect a determination, that judicial powers lodged for exercise in the hands of a ministerial officer, are not to be regarded as affected in their incidents and consequences by any implication arising from statutes imposing particular duties on such ministerial officer, though connected directly with the exercise of such powers.

So it was held in *Cain* vs. *Maples,* (1 Hill, 315,) that a purchaser could not be affected by an irregularity committed by the Sheriff, in postponing a sale under execution until Tuesday, when such sale might have been made on Monday, as required by law.

In *O'Neall* vs. *Duncan,* (4 McC., 246) it was held that the judgment debtor was estopped by the Sheriff's deed from denying the title of the purchaser under the judgment. The Court says: "The Sheriff's title (he being the organ of the law to convey the defendant's right) is considered as the deed of the defendant, and operates as an estoppel." It would be a very narrow view of this conclusion to suppose that it depended on the idea that the ordinary relation of principal and agent existed, as between the judgment debtor and the Sheriff as Sheriff. The Sheriff, as such, has a right to receive and execute the process of the Court within his bailiwick, but it is only under the process of the Court, lodged in his hand, that he becomes "the organ of the law to convey the defendant's rights."

Estoppels between private parties, whether acting in person or by agent, involve, more or less, the idea of fraud and misrepresentation. The notion of an estoppel, as derived from the force and effect of a judgment or other judicial act, is technical, and involves the idea that what one does by the hand and operation of the law, the law will not lend its hand to undo or render void. When jurisdiction is obtained in a cause, the parties are regarded as present and acting in every act of the Court; though their action may be compulsory, the compulsion is of right, and the duty of standing by the act, as if voluntarily performed, is enforced against the parties by analogy to the idea of estoppel, as applied to voluntary acts.

*Maddox* vs. *Sullivan*, (2 Rich. Eq., 4,) is a case of importance, as showing that the same doctrines prevail in equity, as at law, on this subject. In that case two grounds were urged against the validity of a Sheriff's sale; first, that the advertisement of sale was not for the statute period; and, second, that no levy had been made under the executions on which the land was sold. As to the last mentioned ground the facts were, that a levy was made on the land, but only under a senior execution, which was paid off by the proceeds of the sale of the personal property, yet the Sheriff continued the sale, under junior executions, and sold the land in question. The Chancellor, whose opinion was adopted by the Appellate Court, says: "Both of these grounds are based on mere irregularities or omissions of the Sheriff in the discharge of the duties of his office, and that these do not vitiate a sale of property made by him, has been so long and so fully settled, and upon such well defined principles, as to render all commentary upon them unnecessary." Whether that case is to be regarded as turning on the idea that a levy was unnecessary to support the title of a purchaser, or that a levy would be presumed, although the execution showed no endorsement of such levy, it is equally clear in the support given to the principles now under consideration. It shows that the force and effect of such a judicial act of a Court of law is recognized in equity as binding the conscience as well as establishing technical rights.

In *Manning* vs. *Dove*, 10 Rich., 395, it was held that the principle of estoppel laid down in *O'Neall* vs. *Duncan*, ought to be extended to all cases of mere irregularities committed by the Sheriff in the execution of process. A want of conformity in the description of the land, as between the levy and the Sheriff's deed, was held to be such an irregularity as did not affect the purchaser's title.

Two grounds are stated by Judge Glover for this conclusion : First. That the Sheriff, after levy, has a right to correct error or uncertainty in the description set forth in the endorsement of his levy, · although it would appear that this right did not extend to selling a distinct and separate piece of land from that described in the levy ; and, Second, That the Sheriff's deed having recited the fact of a levy, the judgment debtor ought not to be allowed to aver against such recitals upon the principle stated in *O'Neall* vs. *Duncan.*

It is a reasonable inference from the opinion, that unless the Sheriff's deed contained a recital of a levy, it would be necessary for the purchaser to prove the fact of such levy as is essential to his title.    On this point the case does not appear to be decisive, but it clearly affirms the principle under consideration.

In *Stuckey* vs. *Crosswell,* 12 Rich., 273, the Court refused to allow the recitals in the Sheriff's deed to be contradicted to the prejudice of a purchaser, as by showing inconsistency in certain dates, although records made by the Sheriff were resorted to for such proof. It is noticeable that in this case there was no dissent.

The objection, in the present case, to the purchaser's right of recovery, lay in the description of the land sold in the advertisement, and not to the terms of the levy as endorsed on the execution, and as a case of a defect in the advertisement, it is clearly covered by the cases already cited, where it is held to be of a class unimportant as affecting the purchaser.

In other words, it is altogether an irregularity in form and procedure, under an execution, conferring on the Sheriff full authority to sell and convey, and if of a nature requiring correction, should have been corrected in the case in which the proceedings were had. The present action is based upon these proceedings, and all matters of irregularity in matters of form and procedure, if they enter it at all, enter merely incidentally and collatterally.

The judgment and decision of the Circuit Court should be set aside, and a new trial awarded.

*Moses,* C. J., and *Wright,* A. J., concurred.